**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1680
_____

UNITED STATES OF AMERICA

v.

GEORGE BROOKS,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 2:07-cr-00442-002)
District Judge:  Hon. Donetta W. Ambrose

Submitted January 27, 2011

Before:  FUENTES, CHAGARES, and ROTH, Circuit Judges.

(Filed: March 22, 2011)

_____

OPINION
_____

CHAGARES, Circuit Judge.

     Appellant George Brooks ("Brooks") pled guilty to a one-count indictment and

now appeals his sentence.  His attorney has filed a motion to withdraw under Anders v.

California, 386 U.S. 738 (1967).  We will grant the motion and affirm the sentence.

1

## I.

Because we solely write for the parties, we will only briefly summarize the essential facts. On October 30, 2008, Brooks entered a plea of guilty to a one-count indictment charging him with conspiracy to defraud the Government, in violation of 18 U.S.C. § 286. On November 25, 2008, Brooks filed a pro se motion to withdraw his plea, which the District Court denied on December 17, 2008. The District Court sentenced Brooks on February 24, 2009 to a term of three months of imprisonment, to be served concurrently with his lifelong state sentence. Brooks's attorney thereafter filed a timely notice of appeal to this Court, moved to withdraw, and filed an Anders brief in support of the motion. Brooks filed a pro se brief in support of his appeal on May 5, 2009.[1]

## II.

Counsel may seek to withdraw from representation if, after a conscientious examination of the District Court record, he or she is "persuaded that the appeal presents no issue of even arguable merit . . . ." 3d Cir. L.A.R. 109.2(a) (2010); see also Anders, 386 U.S. at 744. Evaluation of an Anders motion requires a twofold inquiry: (1) whether counsel has thoroughly examined the record for appealable issues and has explained in a brief why any such issues are frivolous; and (2) whether an independent review of the record presents any non-frivolous issues. See United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Where the Anders brief appears adequate on its face, our review is

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

limited to the portions of the record identified in the brief, along with any issues raised by an appellant in a pro se brief. See id. at 301.

The Anders brief submitted to this Court demonstrates that Brooks' attorney has "thoroughly examined the record in search of appealable issues," and has explained why any issues arguably supporting the appeal are frivolous. Id. at 300. Specifically, counsel identifies three possible but ultimately frivolous claims that Brooks could make on appeal: (1) the validity and voluntariness of Brooks' guilty plea; (2) whether Brooks' request to withdraw his plea was properly denied; and (3) the legality and reasonableness of Brooks' sentence.[2] Our independent review of the record confirms that these issues are wholly frivolous. Accordingly, we will grant counsel's motion to withdraw and will affirm the judgment of the District Court. In addition, we certify that the issues presented lack legal merit and that counsel is not required to file a petition for writ of certiorari with the Supreme Court. 3d Cir. L.A.R. 109.2(b).

---

[2] Brooks' pro se brief addresses the second of these claims --- whether his request to withdraw his guilty plea was properly denied. After independently reviewing the record and Brooks' arguments, we share counsel's assessment that this claim is frivolous.